[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12518
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00014-TCB


RAY LOWE,

Plaintiff - Appellant,

versus

EXEL, INC.,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 31, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ray Lowe, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Exel, Inc. in his race discrimination and retaliation suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and his age discrimination suit brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* After careful review of the entire record and the parties' briefs, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Lowe, who is African-American, was a forklift operator in one of Exel's warehouses. Exel evaluates employee productivity using a computer-generated "LMS" score.[1] Doc. 18-3 at 5 (¶ 9).[2] Lowe acknowledged that when he was hired he received Exel's criteria for evaluating employee productivity. Specifically, he was informed that four monthly LMS scores of -10 or below within a 12-month period would result in termination. Employees receive written warnings after each of the first three deficient LMS scores. Lowe earned monthly LMS scores of -13, -27, -16, and -10 within a 12-month period and received written warnings after each of the first three scores. Shortly after Lowe earned the score of -10, Exel fired him. He was 53 years old at the time of his termination.

---

[1] The record does not disclose what LMS stands for.

[2] "Doc. #" refers to the numbered entry on the district court's docket.

After receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission, Lowe timely sued Exel for race discrimination and retaliation under Title VII and age discrimination under the ADEA.  At the close of discovery, Exel moved for summary judgment, which a magistrate judge recommended granting.  Adopting the magistrate judge's report and recommendations, the district court granted summary judgment to Exel on all of Lowe's claims.  Lowe timely appealed.

## II.    STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment.  *Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party bears the initial burden to show . . . that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a[n] . . . issue of [material] fact that precludes summary judgment."  *Id.*

Federal Rule of Civil Procedure 56 "requires the nonmoving party to go beyond the pleadings and[,] by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that

3

there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).  Although we view all the evidence and draw all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), "[i]f the non-moving party fail[s] to make a showing on an essential element of his case with respect to which he ha[s] the burden of proof, then the entry of judgment as a matter of law is appropriate," *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1029 (11th Cir. 2008) (internal quotation marks omitted).  "This Court provides pro se parties wide latitude when construing their pleadings and papers." *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).  Nevertheless, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown*, 906 F.2d at 670.

### III.   DISCUSSION

We affirm the district court's grant of Exel's motion for summary judgment. For each of his claims, Lowe has failed to come forward with any facts that raise even the slightest doubt as to whether Exel's explanation for his firing was a pretext for discrimination or retaliation.

### A. We Affirm the Grant of Summary Judgment to Exel on Lowe's Race Discrimination Claim Under Title VII.

Title VII prohibits employers from "discharg[ing] any individual . . . because of such individual's race."  42 U.S.C. § 2000e-2(a)(l).  Where, as here, the plaintiff has admitted he has no direct evidence of race discrimination, we evaluate Title VII discrimination claims using the burden-shifting framework from *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802-05 (1973).  *See Flowers v. Troup Cty., Ga. Sch. Dist.*, 803 F.3d 1327, 1335-36 (11th Cir. 2015).  First, the plaintiff must present a *prima facie* case of discrimination.  *Id.*  Second, the defendant must articulate a "legitimate, nondiscriminatory" basis for the discharge.  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  Third, the plaintiff must "present[] circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent."  *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  One way a plaintiff may create a triable issue as to whether the employer's proffered explanation for the discharge was pretextual is by showing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action [such] that a reasonable factfinder could find [the employer's proffered reasons] unworthy of credence."  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010) (internal quotation marks omitted).

Even assuming Lowe has satisfied the first step in the *McDonnell Douglas* framework by making out a *prima facie* case of race discrimination, we conclude that he has failed to demonstrate that Exel's explanation for his termination is pretextual.  Exel avers that Lowe was discharged because he earned four LMS scores of -10 or below within a 12-month period.  To support its explanation, Exel points to the computer-generated LMS scores and the written warnings it furnished to Lowe.

In response, Lowe has not pointed to any facts that undermine Exel's explanation.  His briefs to the district court and this Court cite nothing that would create even a small puncture in Exel's stated reasons for his termination.  Likewise, our review of the more than 250 pages he inserted into the record in his response to Exel's motion for summary judgment casts no doubt on Exel's explanation.[3]  Lowe even admitted in his deposition that he has no circumstantial evidence that supports his contention that he was fired because of his race.  Without any facts suggesting that Exel's stated reason was pretextual, Lowe has failed to carry his burden under the *McDonnell Douglas* framework of "creat[ing] a triable issue concerning [his] employer's discriminatory intent."  *Smith*, 644 F.3d at 1328.  And without an issue

---

[3] In addition to failing to come forward with any facts that call into question Exel's stated explanation that he was fired because of his four unsatisfactory LMS scores, Lowe also has no response to evidence showing that more than 90% of forklift operators at the Exel warehouse where Lowe worked are African-American and that the next eight forklift operators hired after Lowe's termination were African-American.

that needed to be tried, the district court properly granted summary judgment to Exel on Lowe's Title VII race discrimination claim. *See Brown*, 906 F.2d at 670.

### B. We Affirm the Grant of Summary Judgment to Exel on Lowe's Retaliation Claim Under Title VII.

Title VII also prohibits employers from retaliating against an employee who opposes an employment practice banned by Title VII or who participates in an activity aimed at enforcing the employee's Title VII rights. *See* 42 U.S.C. § 2000e-3(a). Where, as here, the plaintiff has admitted he has no direct evidence of retaliation, we evaluate Title VII retaliation claims using the same burden-shifting framework from *McDonnell Douglass*. *See Smelter v. S. Home Care Servs. Inc.*, 904 F.3d 1276, 1293 (11th Cir. 2018).

As with Lowe's Title VII race discrimination claim, even assuming that Lowe has established a *prima facie* case of retaliation, we conclude that he has failed to cast any doubt on the veracity of Exel's justification for his termination. Lowe has failed to cite—and our own careful review has not uncovered—anything in the record that calls into question Exel's explanation that it fired Lowe due to his low productivity scores. Because Lowe has failed to establish a genuine dispute of material fact regarding whether Exel's nonretaliatory reason for firing him was actually a pretext for retaliation, the district court properly granted summary judgment to Exel on Lowe's Title VII retaliation claim. *See Smelter*, 904 F.3d at 1293; *Brown*, 906 F.2d at 670.

7

### C. We Affirm the Grant of Summary Judgment to Exel on Lowe's Age Discrimination Claim Under the ADEA.

The ADEA prohibits the "discharge [of] any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(l).  Where, as here, the plaintiff has admitted he has no direct evidence of age discrimination, we evaluate ADEA discrimination claims using the *McDonnell Douglas* burden-shifting framework.  *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332-33 (11th Cir. 2013).

As with Lowe's Title VII race discrimination and retaliation claims, even assuming he has made out a *prima facie* case of age discrimination, we conclude that he has failed to make any showing that Exel's explanation for his firing was pretextual.  Lowe's briefs and our own review reveal nothing in the record that gives rise to any doubt as to the veracity of Exel's stated reason that Lowe's productivity was unacceptable.  Lowe even admitted at his deposition that he is unable to identify any circumstantial evidence supporting his assertion of age discrimination.  Because Lowe has failed to raise a genuine dispute of material fact regarding whether Exel's nondiscriminatory reason for firing him was merely a pretext for discrimination, the district court properly granted summary judgment to Exel on Lowe's ADEA age discrimination claim.  *See Sims*, 704 F.3d at 1337; *Brown*, 906 F.2d at 670.[4]

---

[4] To the extent that Lowe argues that he had insufficient time to respond to Exel's motion for summary judgment and that he received unlawfully disparate overtime assignments and

8

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of Exel's

motion for summary judgment.

**AFFIRMED.**

---

wages, this Court need not consider these arguments, as Lowe did not raise them below. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir. 1995) (en banc). To the extent Lowe contends that Exel falsified its written warnings, he points to nothing in the record indicating they were fabricated, and our own review also reveals no evidence of fabrication. Lowe's broad assertions that his "Exhibits . . . show how write-ups were created weeks and sometimes months [after] an EEOC contact," Doc. 21 at 1, and that the "evidence shows how files were removed and write-ups surfaced following the subpoena for documentation from EEOC," Doc. 23 at 1, are insufficient to raise a genuine issue of material fact. Lowe must "set forth specific facts" from the record that tend to show a genuine dispute over the veracity of the LMS scores or written warnings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). For example, to gather facts that might raise the possibility of document falsification, Lowe could have deposed the authors of the write-ups, secretaries or clerks who manage Exel's personnel files, or Exel's human resources manager. He has not done so.

Exel also raises several issues regarding Lowe's compliance with the Federal Rules of Civil Procedure and the Northern District of Georgia's Local Rules and possible inconsistencies among Lowe's three claims. We need not address these issues because our *de novo* review of the record confirms that the grant of summary judgment to Exel was proper.